UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL SHORT,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-2914** |
| **UNITED STATES OF AMERICA**<br>    **Defendant** | **SECTION "E"** |

## ORDER & REASONS

The Court has pending before it a motion to dismiss filed by Defendant the United States.[1] The Court has reviewed the motion, the response, reply, and surreply,[2] and now issues this Order and Reasons granting the motion to dismiss.

## BACKGROUND

In 1997, Plaintiff Michael Short was convicted on numerous drug conspiracy charges and sentenced by Judge Thomas Porteous to a term of life imprisonment plus five years.[3] According to Short, Judge Porteous had a corrupt relationship with Louis Marcotte, a bail bondsman who once threatened Short.[4] Therefore, Judge Porteous had a conflict of interest which allegedly biased him against Short in various ways before, during, and after trial.[5] Short now brings this suit under the Federal Tort Claims Act, contending that the FBI

---

[1] R. Doc. 13.

[2] R. Docs. 14, 17, 20.

[3] R. Doc. 1; *see also United States v. Short*, No. 2:96-cr-232 (filed Aug. 12, 1996).

[4] R. Doc. 1 at 4-5.

[5] *See id.* at 7-10.

1

negligently investigated Judge Porteous in connection with his nomination to the Eastern District of Louisiana, and that had the FBI not failed in that investigation, it would have discovered the corruption, Judge Porteous would not have become a federal judge, and Short would not have been convicted.  He seeks $15,000,000.00 in damages.[6]

The United States moves to dismiss because (1) the alleged negligent investigation falls within the FTCA's discretionary exception and thus sovereign immunity has not been waived as to this claim, (2) nothing done by the FBI was the proximate cause of Defendant's conviction, and (3) Louisiana law does not create liability for the United States under these circumstances.  Having considered the briefs, the record, and the applicable law, the Court now issues this Order and Reasons dismissing the case without prejudice for lack of subject matter jurisdiction.

## STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction carries the burden of proof. *Id.* The district court may base its determination as to its subject-matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* "A court's dismissal of a case for lack of subject-matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in another forum." *Advocacy Ctr. for the*

---

[6] *Id.* at 10.

*Elderly & Disabled v. La. Dep't of Health & Hosp.*, 731 F. Supp. 2d 583, 588 (E.D. La. 2010) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

## ANALYSIS

The United States and its agencies are immune to suit except to the extent that sovereign immunity has been waived. *E.g.*, *La. Dep't of Environmental Quality v. EPA*, 730 F.3d 446, 448 (5th Cir. 2013). Thus, this Court is without jurisdiction unless there is some specific waiver of immunity to the claim Short attempts to assert against the United States. *See id.* It is Short's burden to demonstrate that this Court has jurisdiction. *See Ramming*, 281 F.3d at 161.

The FTCA waives sovereign immunity to claims "for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (citing 28 U.S.C. §§ 1346(b)(1), 2674). But there are exceptions to the FTCA, including the discretionary function provision, which revokes the waiver of sovereign immunity for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

"The Supreme Court has developed a two-part test for determining whether agency conduct qualifies as a discretionary function or duty." *Spotts v. United States*, 613 F.3d 559, 567 (5th Cir. 2010). The Court must determine (1) whether the challenged conduct involves an element of judgment or choice, and (2) whether the judgment at issue was "based on considerations of public policy." *See id.* at 567-68. The exception "does not apply

if the challenged actions in fact violated a federal statute, regulation, or policy." *Id.* at 567. It is well settled that "[d]ecisions to investigate, *how to investigate* and whether to prosecute generally fall within this [discretionary function] exception." *See Nguyen v. United States*, 65 F. App'x 509, at *1 (5th Cir. 2003); *see also Sabow v. United States*, 93 F.3d 1445, 1452-53 (9th Cir. 1996) (finding suit barred by discretionary function exception because "[i]nvestigations by federal law enforcement officials . . . clearly require investigative officers to consider relevant political and social circumstances in making decisions about the nature and scope of a criminal investigation"); *McCloskey v. Mueller*, 385 F. Supp. 2d 74, 80 (D. Mass. 2005) (dismissing suit under discretionary function exception because of the "FBI's broad discretion to decide whether to investigate and/or apprehend a particular individual").

It takes no significant leap of logic to conclude that FBI investigations of candidates for the federal bench plainly fall within the discretionary function exception and thus cannot be pursued under the FTCA. At least to the same extent as a criminal investigation, judicial nominee background checks involve a significant degree of judgment and are based on significant public policy considerations. Short offers no cogent argument to the contrary. He cites several cases without explanation, but none is on point. *See Millbrook v. United States*, 133 S. Ct. 1441 (U.S. 2013) (interpreting intentional tort exception to FTCA); *McCarthy v. Madigan*, 503 U.S. 140 (1992) (FTCA and discretionary function exception not at issue); *Rodriguez v. Sarabyn*, 129 F.3d 760 (5th Cir. 1997) (same). Short points to no federal statute, regulation, or policy specifically directing an action which the FBI failed to take in investigating Judge Porteous prior to his appointment. In short, this case falls within the "well-settled" principle that investigations fall within the discretionary

4

function exception to the FTCA waiver of sovereign immunity.  *See Nguyen*, 65 F. App'x 509, at *1.  Because sovereign immunity is not waived as to this claim, the Court lacks subject matter jurisdiction.  The Court therefore does not reach the United States' alternate arguments in favor of dismissal.

**IT IS ORDERED** that the motion to dismiss is **GRANTED**.

**New Orleans, Louisiana, this 18th day of February, 2014.**

                                              _____
                                                  **SUSIE MORGAN**
                                       **UNITED STATES DISTRICT JUDGE**